# IN RE APPLICATION FOR DISCIPLINE OF LOUIS BIALICK.

215 N. W. 2d 613.

February 22, 1974—No. 42821.

*R. B. Reavill,* Administrative Director on Professional Conduct, and *Herbert C. Davis,* for petitioner.

*Popham, Haik, Schnobrich, Kaufman & Doty* and *Wayne G. Popham,* for respondent.

Heard before Knutson, C. J., and Otis, Peterson, Todd, and Scott, JJ., and considered and decided by the court.

PER CURIAM.

This matter is before the court on a petition of the State Board of Law Examiners for the discipline of Louis Bialick, an attorney at law of the State of Minnesota and respondent herein. The matter was referred by this court to the Honorable Carroll E. Larson to act as referee. At the hearing before the referee, the administrative director on professional responsibility was substituted

for petitioner. Following the hearing, the referee submitted his report recommending disbarment. Upon application of respondent the matter was remanded to the referee for a supplemental hearing to consider additional evidence in mitigation of the charges. Again the referee submitted a recommendation of disbarment. We adopt the recommendation of the referee.

Respondent was admitted to practice law in the State of Minnesota on October 27, 1958, and did so practice in the city of Minneapolis until the time of his suspension from the practice of law. Disciplinary proceedings were instituted in this court by the filing of a petition and accusation on October 9, 1970. Respondent served his answer on November 2, 1970, and the matter was referred to the referee who conducted hearings commencing February 8, 1971, and concluding February 16, 1971. Respondent represented himself at these hearings. The findings and recommendations of the referee for disbarment were filed with this court on April 28, 1971. Subsequently, respondent obtained the assistance of counsel and the oral argument scheduled before this court on the report of the referee was continued. On January 28, 1972, a stipulation was made and an order was entered by this court suspending respondent from all activities in the practice of law effective January 28, 1972. Subsequently, on motion of respondent the matter was remanded to the referee for the purpose of receiving additional evidence and a supplemental petition and accusation was prepared and filed by the petitioner, to which no answer was interposed by respondent. On November 20, 1972, a stipulation and agreement was filed in which respondent withdrew his answer previously filed to the original petition and accusation, admitted the allegations contained therein and the allegations contained in the supplemental petition and accusation, and acknowledged the accuracy of the findings of fact made by the referee and filed with this court. As part of said stipulation, the petitioner amended its prayer for relief from one seeking disbarment to praying such action as the court shall deem best and appropriate. Following the supplemental hearing,

the referee filed findings of fact and a recommendation again recommending disbarment.

The referee in these latter findings of fact found that respondent had suffered from a personality disorder for the last several years, that by his own admission he had been addicted to narcotics, and that he claims that these attributed to his irresponsibility in the practice of law. The referee further found that respondent had not shown by a preponderance of the evidence that he was sufficiently rehabilitated with respect to his habits and his reaction to problems arising in the practice of his profession to justify his restoration to the privilege of practicing law. The record more than amply sustains the findings and recommendations of the referee.

However, on review by this court, respondent seeks a broader determination, namely, that mental and physical illnesses and drug addiction are mitigating circumstances and that he should therefore be suspended from the practice of law and not disbarred.

The practices of respondent upon which the petitioner relies in support of the request for disbarment may be generally said to fall within the following categories: (1) Obtaining funds by misrepresentation and use of his position and reputation as an attorney of this court to induce others to lend him funds; (2) inattention to work entrusted to him by his clients; (3) neglecting to answer clients' requests for information and fabricating facts in giving answers; (4) repeatedly and unconscionably writing checks against insufficient deposits; and (5) commingling of funds and failure to account.

Specific incidents in each category were presented to the referee and admitted by respondent. Numerous incidents singly would be adequate grounds to sustain the disbarment of the respondent. The totality of the conduct indicates a complete disregard of the professional standards expected of a practicing lawyer. Further, a careful examination of the record does not disclose sufficient evidence to sustain respondent's contention

that any or all of these acts were the product of his mental illness or drug addiction.

Following the original hearing, respondent obtained and has since had the assistance of able counsel. They have eloquently and in the highest standards of the profession presented the issues candidly to the court. However, the seriousness and the magnitude of the offenses committed by respondent do not permit the imposition of a penalty less than disbarment. As we stated in In re Application for Discipline of Hanson, 258 Minn. 231, 233, 103 N. W. 2d 863, 864 (1960):

"Courts are charged with the duty of controlling the qualification and conduct of attorneys at law in order that there may be no compromise whatever of the moral and ethical standards upon which the functioning of our legal system depends. The purpose of disciplining an attorney is not to punish him, but to guard the administration of justice and to protect the courts, the legal profession, and the public. The public interest is and must be the paramount consideration; and the primary duty of the court must be protection of the public. Clear violation of a lawyer's duties to his clients and to the public compels an order of disbarment. The enlistment of a natural human sympathy for respondent's unrelated misfortune cannot be permitted to deter us from performance of this duty."

Disbarment ordered.

MR. CHIEF JUSTICE SHERAN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.