# IN RE APPLICATION FOR DISCIPLINE OF MARTIN E. RASKIN.

239 N. W. 2d 459.

February 13, 1976—No. 44968.

*Henry W. McCarr,* Administrative Director on Professional Conduct, and *R. Paul Sharood* and *Robert H. Meier,* Assistant Administrative Directors, for petitioner.

*Irving R. Brand* and *Joann N. Lynch,* for respondent.

PER CURIAM.

These proceedings are before this court on an application by the administrative director on professional conduct, at the direction of the State Board of Professional Responsibility, to discipline Martin E. Raskin, an attorney at law charged with professional misconduct. The matter was referred to the Honorable Clarence A. Rolloff, Judge of the District Court, for hearing and for findings and a recommendation of appropriate disposition. The referee found the attorney to be guilty of fraud and deceit in business dealings with his clients and other persons and recommended disbarment. We concur in the recommendations of the referee.

1. In June 1969 the attorney represented to an architectural firm that he owned real estate on which a nursing home was to

be operated by a corporation described as Senior Citizens Care Center, Inc. In reliance on those representations the architects performed services amounting to $31,127.77, no part of which was paid except the sum of $500. The referee found that the representations concerning ownership and incorporation of the Care Center were false and misleading and intentionally made by the attorney. In a civil action brought by the architects against the attorney, the district court found that the attorney had perpetrated a fraud upon the architects.

2. In June 1969 the attorney induced one Marie Possis to invest $5,000 for the purchase of stock in the Care Center. Mrs. Possis received neither the stock nor a refund of her money. She obtained a judgment against the attorney in the sum of $6,584.62, no part of which has been paid.

3. In 1969 the attorney induced one Duane Day to purchase 200 shares of stock in a sauna in which he claimed he had an interest and which he represented as having an excellent income record. In reliance on these representations, which the referee found to be false and made with intent to deceive, Day paid the attorney $2,000 but did not receive delivery of the stock. In a subsequent action brought by Day against the attorney, the district court found that the attorney's representations were false, that he appropriated the $2,000 for his own use, and that his conduct was willful and malicious. Day recovered a judgment in the sum of $2,000 actual damages and $1,500 punitive damages.

4. In the years 1971 and 1972 the attorney entered a series of transactions with a client, one Parris LaBerge. In December 1971 he induced his client to buy 500 shares of stock in a camera company for the sum of $1,000, representing that it was a safe investment. In January 1972 he induced his client to purchase an additional 300 shares in a successor corporation for the sum of $975. The client received no stock in the camera company nor any return of his money. The referee found the attorney's representations were false and made with intent to deceive.

5. In June 1972 the attorney induced his client to loan the sum of $1,750 to the Care Center, for which he gave his client a note in the sum of $2,250 payable in 4 months. The note has never been paid and the referee found that it was induced by false representations that the Care Center was a going organization, that no risk was involved, and that the attorney would protect his client's interest.

6. In April 1972 the attorney induced his client to loan one Sexton and one Zech the sum of $1,754 on a note, for which the client would receive 20 percent of the stock in a corporation which would be formed to deal in real estate. The client was advised by his attorney that he would receive reimbursement within a month and the sum of $50 a month thereafter and that the attorney would represent his client's interest. The client received neither the stock nor payment on the note.

7. In February 1972 the attorney induced his client to pay one Brown the sum of $1,700, for which the client was to receive reimbursement within 45 days or in the alternative to receive 300 shares of stock in a corporation with an option to purchase another 3,000 shares within 10 days. The client was, in addition, to be paid a consulting fee of $300. The attorney represented to his client that there was no risk involved and that he would obtain the stock for his client. However, the stock was never delivered nor the money repaid. Subsequently the client brought an action against the attorney, and the district court found that the attorney had made false and fraudulent representations to his client, who relied on the attorney, and that the attorney had breached his fiduciary duty. Judgments in favor of the client against the attorney were ordered in the amount of $6,579.46 and $2,200.

In recommending disbarment, the referee observed that the attorney's testimony had not been candid and straightforward and that his conduct constituted a breach of fiduciary relationship. The referee held that the attorney had violated his oath of

office [1] and Canons 1 and 5 of the Code of Professional Responsibility.

The attorney urges the court to impose disciplinary sanctions short of disbarment for the following reasons:

1. Most of the complaints do not arise out of an attorney-client relationship.

2. The losses sustained were simply the result of improvident investments.

3. In the absence of a showing of prior misconduct the attorney should be afforded an opportunity to demonstrate a capacity for rehabilitation by being permitted to practice on condition that he no longer engage in financial or investment transactions with clients or other persons.

On this record we are not persuaded that the attorney is capable of discharging his duty to his clients and the public with the fidelity which his profession demands. In permitting an attorney to practice law, this court represents to the public that he is a person of unquestioned integrity. Both clients and non-clients have a right to assume that lawyers will treat them fairly and honestly in all of their dealings, whether professional or otherwise. Where it is evident that such high standards cannot be met because an attorney is suffering either from an emotional or psychological disability or from a fundamental lack of moral fiber, our first concern must necessarily be the protection of the public.

The Code of Professional Responsibility mandates disbarment in this matter. Canon 1 provides that a lawyer should assist in maintaining the integrity and competence of the legal profession.

---

[1] Minn. St. 358.07(9) prescribes the following oath of office for attorneys: "You do swear that you will support the constitution of the United States and that of the State of Minnesota, and will conduct yourself as an attorney and counselor at law in an upright and courteous manner, to the best of your learning and ability, with all good fidelity as well to the court as to the client, and that you will use no falsehood or deceit, nor delay any person's cause for lucre or malice. So help you God."

Disciplinary Rule 1-102(A)(4) prohibits a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation and makes no distinction between misconduct involving clients and other persons.

With respect to business dealings, Canon 5 directs that a lawyer should exercise independent professional judgment on behalf of a client. DR 5-104(A) states:

"A lawyer shall not enter into a business transaction with a client if they have differing interests therein and if the client expects the lawyer to exercise his professional judgment therein for the protection of the client, unless the client has consented after full disclosure."

The pattern of conduct here displayed by the attorney demonstrates such a pervasive and consistent lack of understanding of his professional obligations to his clients and his duty to deal fairly with the public that disbarment is compelled. Accordingly, he is herewith disbarred from practicing law in the State of Minnesota.

Let judgment of disbarment be entered.