**In re Application for the Discipline of William Roy NORDSTROM, an Attorney at Law of the State of Minnesota.**

**No. 48029.**

Supreme Court of Minnesota.

Feb. 24, 1978.

R. Walter Bachman, Jr., Adm. Dir. on Prof. Conduct, Lawyers Professional Resp. Bd., St. Paul, for petitioner.

Thomas R. King, Minneapolis, for respondent.

PER CURIAM.

These proceedings have been initiated by the Administrative Director on Professional Conduct seeking appropriate disciplinary sanctions for the misconduct of William Roy Nordstrom, a member of the bar of the State of Minnesota.

The respondent admits the facts alleged in the petition for discipline and therefore no hearing on the charges was conducted. The offenses committed by respondent in his professional capacity fall into three categories. First, indiscriminately commingling clients' funds with personal funds, but without converting them to his own use. Second, incurring obligations for clerical and stenographic assistance, rent, books, and other office expenses which he had reason to know he would be unable to pay and for which he gave checks and promissory notes which he could not honor. Third, misappropriating and diverting to his own use funds he held as conservator for his mother and incapacitated brother.

Respondent has for a number of years been an alcoholic and has undergone treatment at a recognized rehabilitation center. He is engaged in a program with Alcoholics Anonymous and acknowledges that he is not qualified to practice law if at any time in the future he resumes the consumption of alcoholic beverages. By stipulation of respondent and the administrative director and with the approval of the Lawyers Professional Responsibility Board respondent has agreed to accept probation on the following conditions:

"A. That Respondent refrain from the use of alcohol.

"B. That Respondent regularly attend meetings of Alcoholics Anonymous, or other outpatient alcohol treatment program acceptable to Petitioner.

"C. That Respondent enter into agreements with Petitioner, satisfactory to Petitioner, for the supervision of his professional activities by one or more supervising attorneys. That the supervising attorney(s) shall periodically review Respondent's books, records, ledgers, and accounts pertaining to his office and trust accounts to insure compliance with DR 9–102 and DR 9–103; shall periodically review Respondent's financial obligations and assist him in an orderly arrangement for payment of those obligations; and shall keep apprised whether Respondent is continuing to abstain from the use of alcohol.

"D. That Respondent enter into agreements satisfactory to Petitioner which assure restitution of funds by Respondent to the Conservatorships of Grace Nordstrom and Bruce A. Nord-. strom, Redwood County Probate Court File Nos. P461 and P460.

"E. That Respondent and his supervising attorney jointly file (bi-monthly) written reports to Petitioner, informing him of Respondent's continued abstinence from the use of alcohol, and of Respondent's compliance with the other terms and conditions of probation.

"F. That Respondent at all times comply with the provisions of the Code of

Professional Responsibility governing attorneys in the State of Minnesota."

Because of the gravity of the offenses committed by the respondent, an en banc hearing has been conducted by the court to determine whether or not suspension or disbarment is required. Under the unusual circumstances here present decision will be deferred for one year during which time respondent will have an opportunity to demonstrate he is recovering from his disability. Although he is not charged with misappropriating clients' funds, and members of his family have not brought formal charges against him, his misappropriation of trust funds held as conservator raises grave doubts as to his ability to serve clients with the fidelity he owes them.

Disciplinary proceedings do not have as their purpose punishment or retribution notwithstanding the fact they undoubtedly deter others. The Lawyers Professional Responsibility Board is satisfied, as are we, that respondent's prospects of succeeding have greater promise if he is highly motivated and closely supervised. In our opinion those who have suffered loss at his hands will be better served if he is permitted to continue the practice of law on the conditions outlined, which we believe will adequately protect his clients and the public.

Accordingly, we defer final disposition of the matter for one year. If during that period respondent has totally abstained from the use of alcohol, has applied himself diligently to his practice, has begun restitution in a methodical manner as directed by the Lawyers Professional Responsibility Board, and has, in all other respects, complied with the terms of his stipulation and with such other directives as the board may prescribe, the court will permit respondent to continue the practice of law for an appropriate probationary period. However, any violations of the terms of his probation brought to the court's attention in the future will be grounds for immediate suspension or disbarment.