**In the Matter of the Application for the Discipline of James E. BUNKER, an Attorney at Law of the State of Minnesota.**

**No. 48154.**

Supreme Court of Minnesota.

July 28, 1978.

R. Walter Bachman, Jr., Administrative Director on Professional Conduct, Daniel G.

---

Heely, Asst. Lawyers Professional Responsibility Bd., St. Paul, for appellant.

Gerald M. Fine, Minneapolis, for respondent.

## PER CURIAM.

This matter is before the court upon the petition of the Administrative Director on Professional Conduct for the discipline of respondent, James E. Bunker. Our decision in *In re Discipline of Bunker,* 294 Minn. 47, 199 N.W.2d 628 (1972), placed respondent on probation for 3 years or until he paid the delinquent Federal and state tax obligations which gave rise to that disciplinary proceeding.[1] We commented in that decision that—

> " * * * the legal profession is one which is peculiarly charged with the administration of our laws and therefore it is incumbent upon lawyers to set an example for others in observing the law. The intentional failure to file income-tax returns evinces an attitude on the part of the attorney of placing himself above the law. Such an attitude does not befit a lawyer. As Mr. Justice Bradley aptly stated many years ago in *Ex parte Wall* (1882), 107 U.S. 265, 274, 2 S.Ct. 569, 27 L.Ed. 552:
>
> " 'Of all classes and professions, the lawyer is the most sacredly bound to uphold the laws. He is their sworn servant; and for him, of all men in the world, to repudiate and override the laws, * * * argues recreancy to his position and office, and sets a pernicious example to the insubordinate and dangerous elements of the body politic. It manifests a want of fidelity to the system of lawful government which he has sworn to uphold and preserve.' " 294 Minn. 52, 199 N.W.2d 631.

On July 31, 1975, 3 years after our original decision, we extended for an additional year respondent's probationary period and the deadline for his payment of delinquent taxes. On June 28, 1976, we granted respondent a second extension. That second extension order provided that if respondent did not pay in full his delinquent Federal and state taxes by October 31, 1976, he would be suspended from the practice of law. Respondent failed to satisfy his tax obligations by that date, and thereafter this petition for further disciplinary action was brought.

The record before us indicates that respondent still owes considerable sums in delinquent taxes to both Federal and state authorities. Moreover, during the time respondent was on probation for tax law violations he filed his 1974 state and Federal income tax returns 2 months late, his 1975 Federal income tax return 8 months late, and his 1975 state income tax return 1 year late. The delinquent filing of these returns indicates complete disregard, if not contempt, for this court's original order which stressed the importance of lawyers complying with tax laws. Finally, respondent has breached his duty to be frank and candid in his dealings with this court and the Lawyers Professional Responsibility Board (LPRB) concerning disciplinary matters. Respondent failed to disclose that he had not filed his 1975 state and Federal income tax returns when he requested a second extension of his probationary period. Respondent also misled the LPRB by stating that he had made arrangements for payment of his delinquent taxes when, in fact, he had not.

Accordingly, respondent is as of this date suspended indefinitely from the practice of law in this state. However, after 2 years, respondent may reapply for admission upon a showing that he has completely satisfied all his Federal and state tax obligations.

---

1. Our opinion in that case indicates that respondent failed to file Federal income tax returns during the years 1956, 1957, 1958, 1964, 1965, 1966; that he failed to file Minnesota income tax returns for the years 1957, 1958, 1959, 1964, 1965, 1966, and 1967; and that he failed to file Iowa income tax returns for the years 1959 to 1964.