**In re Application for the Disbarment of John D. FURUSETH, an Attorney at Law of the State of Minnesota.**

**No. 48421.**

Supreme Court of Minnesota.

Dec. 26, 1978.

R. Walter Bachman, Jr., Administrative Director on Professional Conduct, Lawyers Professional Responsibility Bd., St. Paul, for appellant.

Ramier & Gries, Minneapolis, for respondent.

## ORDER

The above-entitled matter came on for hearing before the court on the petition for disciplinary action of the Administrative Director on Professional Conduct.

The court having heard the statements of the parties and considered the findings of fact, conclusions of law and recommendation submitted by Referee Daniel F. Foley; and it appearing that John D. Furuseth was an attorney at law admitted to practice in the State of Minnesota until the order of this court of January 5, 1978, 261 N.W.2d 612, suspending him indefinitely; and that the parties have entered into a stipulation whereby Mr. Furuseth accepts the findings of Referee Foley that he has engaged in conduct which violates DR 1–102(A)(1), (2), (3), (4), (5) and (6), DR 6–101(A)(1) and (3), DR 7–106(C)(6), and DR 9–102(B)(4) of the Code of Professional Responsibility and which constitutes a prima facie violation of Minn.St. 609.52(2)(5)(a) in connection with Minn.St. 609.52(2)(1);

And it further appearing that Mr. Furuseth was an attorney of competence who made substantial civic contributions before his dependence upon alcohol;

IT IS HEREBY ORDERED that the disposition to which the parties have stipulated is accepted:

1. Mr. Furuseth is suspended from the practice of law for a minimum period of three years from the date of this order, during which time he shall neither engage in the practice of law nor hold himself out to be an attorney.

2. Prior to filing any petition for reinstatement to the practice of law, Mr. Furuseth shall demonstrate successful treatment for the disease of alcoholism, and total abstention from the use of alcohol for three consecutive years.

3. Prior to filing any petition for reinstatement to the practice of law, Mr. Furuseth shall reimburse any client or other party for pecuniary losses suffered by such parties as a consequence of his neglect or defalcation.

4. At the time any petition for reinstatement of Mr. Furuseth to the practice of law is considered, he shall have the burden of proving by clear and convincing evidence his mental and physical competence and capacity to engage in the practice of law.

5. Prior to filing any petition for reinstatement to the practice of law, Mr. Furuseth shall satisfy any continuing legal education requirements that would otherwise have been imposed upon him as a practicing attorney.