In the Matter of the Application for the Disbarment of Harold McKenzie BRAGGANS, an Attorney at Law of the State of Minnesota.

No. 47326.

Supreme Court of Minnesota.

June 1, 1979.

R. Walter Bachman, Jr., Administrative Director on Professional Conduct, Lawyers Professional Responsibility Bd., St. Paul, for petitioner.

Harold M. Braggans, Little Falls, pro se.

PER CURIAM.

This is a disciplinary proceeding of long duration which has been unduly protracted in a futile effort to permit the respondent Braggans to address the psychological problems with which he is afflicted, and to afford him an opportunity to continue his practice of law. No moral turpitude was alleged in any of the original charges against him. It is now evident that for the protection of the public he must be and hereby is disbarred.

No useful purpose would be served in detailing the numerous instances of inexcusable neglect which have characterized his handling of clients' matters. In July 1972 we found respondent guilty of dilatory tactics in dealing with professional retainers entrusted to him by clients, and we imposed on him a severe public censure. Thereafter in March, 1975 we concurred in the recommendation of the Honorable Luther Sletten, acting as referee, and ordered that respondent close his office and retire from general practice, limiting his clients only to specified financial institutions who had expressed confidence in his ability to handle their affairs.

Further complaints subsequently emerged and resulted in a recommendation for disbarment by the Honorable Milton D. Mason, also a referee appointed by this court. After a hearing and while a decision on that recommendation was pending, the Administrative Director on Professional Conduct filed a supplemental petition alleging that respondent had continued to engage in the general practice of law in violation of our prior order. Among other complaints of malpractice against respondent, one has resulted in a default judgment against him for $767,409.65 in December 1978 arising out of his failure to commence or prosecute a personal injury claim he assumed for a client in the year 1959.

This court sitting en banc has accorded respondent a full hearing on all of these charges and although he personally appeared, he offered no defense and presented no facts or arguments by way of mitigation which would justify a further delay in imposing the sanction of disbarment.

Accordingly, the respondent Harold McKenzie Braggans is herewith disbarred from the practice of law in the State of Minnesota.

ROGOSHESKE, J., took no part in the consideration or decision of this case.