In the Matter of the Application for the Disbarment of James C. WACKER-BARTH, an Attorney at Law of the State of Minnesota.

No. 49024.

Supreme Court of Minnesota.

Dec. 28, 1979.

Michael J. Hoover, Administrative Director on Professional Conduct, and Richard C. Baker, Staff Atty., Lawyers Professional Responsibility Board, St. Paul, for petitioner.

James C. Wackerbarth, Minneapolis, pro se.

George R. Ramier, Minneapolis, for respondent.

PER CURIAM.

The Lawyers Professional Responsibility Board has brought these proceedings against respondent James C. Wackerbarth, an attorney at law, charging him with perjury, conversion of clients funds, neglecting their affairs, and failure to file his personal income tax returns. He has been suspended from practice by order of this court since September 1, 1978.

Respondent has denied the charges and has sought and obtained a hearing before the Honorable John M. Fitzgerald, Judge of the District Court, acting as referee.

Judge Fitzgerald's findings may be summarized as follows. Respondent was admitted to practice on November 28, 1951, and has officed in St. Louis Park since that time. As representative and attorney for the estate of Mildred Madsen he converted $30,000.00 of estate assets to his own use and filed a final account in which he falsely stated under oath that he had $34,000.00 on hand.

In the estate of Willis Forbragd, who died in 1972, he retained $2,900.00 as "advance on fees," failed to account for rental income, procure the appointment of appraisers, obtain a final decree, or make restitution.

Although pressed by the probate court to proceed with steps to wind up the estate of George Gamelgaard, who died in 1973, respondent has ignored the court's directive and has failed to comply with its order.

Respondent is in arrears to the federal government on income taxes for the years 1973 through 1977 and until 1978 failed to file his state returns for the years 1970 through 1977.

Citing *In re Furuseth*, 274 N.W.2d 122 (Minn.1978); *In re Nurnberger*, 272 N.W.2d 914 (Minn.1978); *In re Nordstrom*, 264 N.W.2d 629 (Minn.1978); and *In re Stearns*, 309 Minn. 548, 243 N.W.2d 312 (1976), the referee recommended that respondent be suspended from practice with the right to reinstatement under the following conditions:

There remain many "loose ends" to be cleared up before in this Court's opinion he should be allowed to again practice his profession. And there is the matter of the obvious conversion of client's funds to consider. When and if the estates are satisfactorily wound up and the tax liabilities met, the Court is of the opinion the Respondent should be considered for reinstatement.

We are of the opinion that in recommending suspension the referee relied on cases which are distinguishable and do not govern

the disposition of these proceedings. In *Nordstrom* the attorney commingled client's funds but did not convert them to his own use. Although we acknowledged that his misappropriation of family trust funds was an offense which might justify disbarment, we were of the opinion that his problems stemmed from alcoholism and under those circumstances we deferred disposition for one year to give him an opportunity to arrest that disability. The *Nurnberger* case involved no loss to clients by commingling trust funds and in that matter as well as in the *Stearns* case, the attorney voluntarily disclosed his activities to the Lawyers Professional Responsibility Board. In suspending John Furuseth we found, as in the other three cases cited, that the attorney suffered from a correctable alcohol problem which accounted in large measure for his derelictions of duty.

In the matter before us, no mitigating circumstances have been brought to our attention. The respondent has stated he has no intention of fulfilling his continuing legal education requirements and seeks only to be given retirement status.

This is a case where the attorney has shown no motivation for, and little prospect of correcting the behavioral patterns which in the past have characterized his neglect of duty and lack of integrity in dealing with clients' affairs. We therefore have no alternative but to order his disbarment.

Disbarred.