**In the Matter of the Application for the DISCIPLINE OF Harold James IVERSON, as Attorney at Law of the State of Minnesota.**

**No. 49462.**

Supreme Court of Minnesota.

Feb. 27, 1981.

See also, Minn., 276 N.W.2d 29.

Michael Hoover, Administrative Director on Professional Conduct, Lawyers Professional Responsibility Board, St. Paul, for appellant.

Thomas G. Rowe, Anoka, for respondent.

PER CURIAM.

This proceeding is before the court on an order to show cause issued on motion of the Lawyers Professional Responsibility Board (Board) why respondent Harold James Iverson should not be disciplined.

In October 1978, the Director of the Board, having been directed by a panel of the Board, filed petitions for the immediate suspension from the practice of law of, and disciplinary action against, respondent.

The petition for discipline alleged four allegations of unprofessional conduct. In summary, they are:

(1) That respondent falsely represented to a client of the law firm by which respondent was then employed that the firm had obtained assurances from investors to provide the client certain funds and that it was necessary for the firm to prepare an "investment memorandum." Respondent requested of, and received from, the client a fee of $500 to cover the costs and fees incident to preparing the memorandum. Respondent deposited the funds in his personal account and converted them to his own use. In fact, no such investment memorandum was required and the law firm had not obtained assurances from investors. Respondent did not inform the law firm that he had made the representation nor that he had received the $500 although he was required to report and pay all fees and law related income to the law firm as a condition of his employment.

(2) That respondent falsely represented to the same client that the law firm could obtain a line of credit for the financing of a new building by the client but that a brokerage fee was required and he thereby obtained a payment of $1,500 from the client which respondent deposited to his personal account and converted to his own use. That respondent did not inform the law firm that he had made the representation nor that he had received the $1,500.

(3) That respondent was employed by the same client to incorporate a business. Respondent informed the client that the incorporation had been completed and submitted a bill for the services. In fact, the respondent had failed and neglected to complete the incorporation.

(4) That respondent represented a seller of property and agreed with the purchaser that in the event certain listed property should be missing on the date of the closing that he would pay to the purchaser, from funds he had already received from his client, the value of the missing items. That demand was made upon respondent to reimburse the purchaser for property found to be missing and that respondent failed to respond to such demand.

By order dated December 5, 1978, this court suspended respondent from the practice of law pending a final disposition of the disciplinary proceedings pursuant to Minn.R. 12(c)(1) Lawyers Professional Responsibility.[1]

---

1. RULE 12. PETITION FOR DISCIPLINARY ACTION

(a) Petition. When so directed by a Panel or by this Court the Director shall file with this Court a petition for disciplinary action. The petition shall set forth the unprofessional conduct charged.

(b) Service. The Director shall cause the petition to be served upon the respondent in the same manner as a summons in a civil action.

If the respondent has a duly appointed resident guardian or conservator service shall be made thereupon in like manner.

(c) Respondent not found.

(1) *Suspension.* If the respondent cannot be found in the state, the Director shall mail a copy of the petition to the respondent's last known address and file an affidavit of mailing with this Court. Thereafter the Director

On October 13, 1979, respondent's attorney located respondent and made personal service upon him of the petition for disciplinary action and a copy of the court's order suspending respondent from the practice of law.

Respondent has not availed himself of the opportunity under Rule 12(c)(1) for vacation of the order of suspension and for leave to answer the petition for disciplinary action. The Board, pursuant to Rule 12(c)(2) therefore brought the present motion for the order to show cause. That order was issued on October 21, 1980 with the hearing set for January 16, 1981 and notice of the hearing to be served by publication.

Subsequent to February 13, 1979, the Director and counsel for respondent had various discussions and correspondence concerning the case and the director was furnished with a report of a licensed consulting psychologist stating that respondent had been in therapy between February 28, 1978 and May 18, 1978, which therapy had not been completed and rendering the opinion that respondent's psychological condition during that time was such that it would have been difficult for respondent to "carry out professional duties such as attorney at law."

The director and respondent's counsel then agreed that a psychiatric evaluation should be made to determine if respondent was capable of practicing law and of contributing to his defense in this proceeding. Such evaluation has not been made because of respondent's lack of cooperation with his counsel and the latter's inability to locate respondent.

Under these circumstances we impose the following sanctions:

1. Respondent is indefinitely suspended from the practice of law in Minnesota.

2. Reinstatement of respondent to the practice of law will not be considered by this court unless and until respondent establishes by clear and convincing evidence his psychiatric and psychological fitness to practice law and that restitution has been made to clients incurring losses by reason of his professional misconduct.

It is so ordered.

SCOTT, J., took no part in the consideration or decision of this case.

---

may apply to the Court for an order suspending the respondent from the practice of law. A copy of the order, when made and filed, shall be mailed to each district court judge of this state. Within one year after the order is filed, the respondent may move this Court for a vacation of the order of suspension and for leave to answer the petition for disciplinary action.

(2) *Order to show cause.* If the respondent does not so move, the Director shall petition this Court for an order directing the respondent to show cause to this Court why appropriate disciplinary action should not be taken. * * *