324 N.W.2d 656 (1982)
In the Matter of the Petition for Disciplinary Action against Allan J. LARSON, a Minnesota attorney.
No. 82-276.
Supreme Court of Minnesota.
October 8, 1982.
*657 Michael J. Hoover, Director of Lawyers Professional Responsibility, St. Paul, for appellant.
Allan J. Larson, Minneapolis, pro se.
Heard, considered and decided by the court en banc.
PER CURIAM.
Respondent Allan J. Larson appeared before this court on an order to show cause why he should not be disbarred. We conclude disbarment is required.
On March 9, 1982, Mr. Larson admitted service of a petition filed against him for disciplinary action. The petition, filed by the Director of the Board of Lawyers Professional Responsibility at the direction of one of its panels, alleged seven detailed counts of misconduct. On April 27, 1982, respondent was duly served with a supplemental petition alleging six additional counts of misconduct. Although the rules require a respondent to serve and file an answer to a petition within 20 days, Mr. Larson failed to timely interpose an answer to either the original or the supplemental petition.[1]
On June 28, having noted Mr. Larson was in default, we issued an order to show cause why discipline should not be imposed, setting the matter for hearing before us on September 1, 1982. Finally, on August 31, the day before the hearing, Mr. Larson submitted an answer to the petitions, together with a separate paper entitled "Respondent's Petition for Disbarment." At the hearing the next day, September 1, Mr. Larson appeared personally.
In his answer, respondent admits some background matters relating to the 13 counts against him but denies the allegations of any wrongdoing and any violation of the Rules of Lawyers Professional Responsibility, with three exceptions. As to Counts 4 and 11, which allege failure to cooperate with the Director's investigation, respondent admits his conduct violates Rule 25 on Lawyers Professional Responsibility. As to Count 9, respondent admits one instance of practice of law in Wisconsin without a license. Further, as to Count 12, alleging failure to file tax returns, respondent's answer offers no response. In his accompanying petition, respondent asks this court to order his disbarment but only on the grounds of failure to cooperate with the Director's investigation.
In his petition and in his oral presentation to this court, Mr. Larson contends that he has not practiced law since 1977; that the alleged misconduct, except for two isolated instances, relates only to his activity as a businessman and not as a lawyer; and that to hold a hearing on all the alleged counts of misconduct would be expensive and time consuming and, indeed, unnecessary, since he and the Director seek the same result, namely, respondent's disbarment. The Director, on the other hand, argues that to base disbarment only on noncooperation would not accurately portray the true state of affairs, and that the complete factual situation needs to be established as a matter of public record and because respondent might, contrary to his present statement of intent, later seek either reinstatement in this state or admission to the bar in another state.
Rule 13(c) on Lawyers Professional Responsibility provides: "If the respondent *658 fails to file an answer within the time provided or any extension of time this Court may grant, the petition's allegations shall be deemed admitted and this Court may proceed under Rule 15."
Unquestionably, respondent has failed, by a wide margin, to file a timely answer. Consequently, the allegations in the petitions must be deemed admitted, unless respondent is to be excused of his default. We hold Mr. Larson is not to be excused of his default and that, by virtue of Rule 13(c), the allegations in the petition are deemed admitted.
We do not think Mr. Larson's procedural fencing should be permitted. At no time has respondent asked for an extension of time in which to answer. At no time, not even in the hearing before us, has he offered any reason or excuse for not filing his answer when it should have been filed. Nor does Mr. Larson, even now, seek a hearing on the allegations in the petition; indeed, he concedes he should be disbarred, albeit on grounds of his own choosing. Under these circumstances, respondent's belated answer is unacceptable and he is found to be in default.
The 13 counts of misconduct, thus deemed admitted, may be briefly summarized as follows:
(1) Misrepresentation to investors in Fridley Terrace Development, a limited partnership venture, about having obtained an option to purchase real estate, and further misrepresentation that a certain person was on the board of directors of Summit Park Properties, the general partner.
(2) Failure to provide a promised accounting and refund to the limited partners with subsequent entry of a default judgment against respondent for $37,500 in favor of the limited partners.
(3) Misrepresentation to an investor that no funds would be used for respondent's salary until the investment became profitable, and misapplication of funds of Fridley Terrace Development and Summit Park Properties to respondent's personal use.
(4) Failure to cooperate with the District Ethics Committee and with the Director in the disciplinary investigation and attempted inducement of individuals not to testify.
(5) An unsigned confession of judgment entered in Hennepin County District Court in the amount of $42,651.20, wherein Larson confessed to having committed fraudulent acts.
(6) When the state sued Mid-Continent Transfer, Inc., respondent, and others for nonpayment of payroll taxes, respondent undertook to represent the corporate secretary who was also sued personally. Although the secretary had a meritorious defense, respondent failed to assert it and neglected the litigation, which led to entry of a default judgment against her. Respondent, personally, had no meritorious defense in the action.
(7) Issuance of a series of checks which were returned because of nonsufficient funds and a series of 10 judgments entered against respondent in Hennepin County courts.
(8) Inducing a person to invest $24,000 in Mid-Continent Transport, Inc., a corporation controlled by respondent, for the purchase of three trailers and then diverting the funds elsewhere.
(9) Having accepted a fee to advise a person on taxes and investments, respondent advised the client to invest approximately $200,000 in Mid-Continent Transport, Inc., in which respondent was interested, the client losing about half the investment; and misappropriating various checks in connection with Mid-Continent transactions. Respondent also appeared for the client in a Wisconsin court proceeding although not authorized to practice law in Wisconsin.
(10) Inducing another party to invest in Mid-Continent by misrepresenting that the corporation was a going and profitable concern; failing to disclose *659 to that party a commission received by respondent.
(11) Failure to cooperate with requests made by the Director in February and April 1982 in connection with the disciplinary investigation.
(12) Failure to file federal and state individual income tax returns for the year 1980.
(13) Involvement in the sale of unregistered securities of a dairy cow investment venture, contrary to state statute and a cease and desist order issued by the state Commissioner of Securities.
We should add that the foregoing allegations of misconduct do not stand alone but are supported by the transcript of the panel hearing held February 5, 1982, the affidavits of persons involved in the various transactions, and a number of exhibits filed by the Director with his petitions.
A threshold inquiry is whether respondent, who has not practiced law regularly since 1977, can be disciplined for complaints arising out of his business dealings. He can be. "Both clients and nonclients have a right to assume that lawyers will treat them fairly and honestly in all of their dealings, whether professional or otherwise." In re Raskin, 307 Minn. 233, 236, 239 N.W.2d 459, 461 (1976). "[M]isconduct, indicative of moral unfitness for the profession, whether it be professional or nonprofessional, justifies dismissal as well as exclusion from the bar." In re Cary, 146 Minn. 80, 86, 177 N.W. 801, 803 (1920). See also In re Skinner, 171 Minn. 437, 214 N.W. 652 (1927), and In re Scallen, 269 N.W.2d 834 (Minn.1978). Moreover, as two of the allegations establish, Counts 6 and 9, Larson did not forsake entirely the practice of law. We have no hesitancy in holding that the incidents described in the petitions are appropriately the subject of disciplinary inquiry and action.
The next issue is what should be the appropriate discipline. We conclude that charges as serious, extensive and varied as those alleged here require disbarment.
Larson is charged with misrepresentation, misappropriation of funds, nondisclosure of a commission agreement, issuance of checks against nonsufficient funds and closed accounts, failure to comply with a state regulatory order, confession of fraud, and violation of promises to provide accountings and refunds. This conduct violates DR 1-102(A)(1), (3), (4), (6); DR 5-104(A); and DR 5-105(A), and is of sufficient severity to merit disbarment. See, e.g., In re Fling, 316 N.W.2d 556, 558 (Minn. 1982); In re Okerman, 310 N.W.2d 568 (Minn.1981).
Nor was Larson's business activity completely divorced from his status as a lawyer. He made a business inquiry on his lawyer's stationery, and a prospectus for one of his ventures mentions his background as a lawyer at some length. At the February panel hearing, Larson admitted that he performed at least some of the legal work for the corporations he controlled. Then, too, respondent's representation of a client in a Wisconsin court violates DR 3-101(B), and his neglect of the payroll tax lawsuit violates DR 6-101(A)(3). Further, we have Larson's failure to file income tax returns, "a clear ground for suspension or disbarment in this state." In re Serstock, 316 N.W.2d 559, 561 (Minn.1982), citing In re Bunker, 294 Minn. 47, 199 N.W.2d 628 (1972). The final aggravating factor is respondent's failure to cooperate adequately with the Board's investigation of his misconduct, in violation of Rule 25, Rules on Lawyers Professional Responsibility.
The pattern of misconduct here is similar to and as serious as that which prompted disbarment in In re Serstock, 316 N.W.2d 559 (Minn.1982); In re Okerman, 310 N.W.2d 568 (Minn.1981); In re Peck, 302 N.W.2d 356 (Minn.1981); and In re Hetland, 275 N.W.2d 582 (Minn.1978).
Disbarred.
AMDAHL, C.J., took no part in the consideration or decision of this case.
NOTES
[1] At the time the original petition was filed, it was accompanied by a further request for respondent's temporary suspension pending final disposition. A hearing on the request for the temporary suspension was held in this court on March 24, 1982. Mr. Larson appeared personally and pro se at that hearing. On April 15, 1982, we granted the temporary suspension.