In the Matter of the Petition for DISCIPLINARY ACTION AGAINST Allan T. QUELLO, a Minnesota Lawyer.

No. C6–81–627.

Supreme Court of Minnesota.

Sept. 2, 1983.

Fred Allen, Minneapolis, for Allan T. Quello.

Michael J. Hoover, Director of Lawyers Professional Responsibility Bd., Janet Dolan, Asst. Director, St. Paul, for Lawyers Professional Responsibility Bd.

PER CURIAM.

Upon a petition for disciplinary action filed by the Director of the Lawyers Professional Responsibility Board, the Honorable Gary L. Crippen was appointed as referee to conduct the hearing. The referee recommended the disbarment of respondent attorney Allan T. Quello. We adopt the recommendation.

Respondent Allan T. Quello has been an attorney licensed to practice in this state since 1957. Although he recently hired associates to work with him, he has spent the major part of his career as a sole practitioner in Wayzata.

The petition for disciplinary action arises out of 13 complaints against Quello. The referee dismissed two of the complaints, but found that he had violated specified rules of the Code of Professional Conduct by failing to record more than 80 easements obtained on behalf of the City of Spring Park despite assurances to the contrary; by commingling trust account funds and personal funds during the period from 1977 to 1980; by failing to disburse funds in accordance with the terms of a contract for professional services; by failing to pay court reporters promptly for the preparation of transcripts; and by neglecting several clients' affairs and, in some instances, misrepresenting that matters had been completed when they had not.

During the period from 1977 to 1980, the respondent Quello maintained a trust account for client funds, but he commingled and misappropriated funds in the account for his personal use and the use of at least one friend or client in violation of DR 9–102(A). He admitted that he had not maintained separate books and ledgers to demonstrate receipts and expenditures on behalf of clients in violation of DR 9–103(A) and LPRB Opinion 9. The respondent Quello's admission that he failed to properly maintain the trust account is accompanied by a statement that no money has been missing since February 1980.

A second major complaint concerns Quello's employment as city attorney for the City of Spring Park. In September 1963, Quello was directed by the city council to obtain a substantial number of easements for sewer and water lines. Quello obtained approximately 82 easements, but he never recorded them. Although Quello contended that it was the duty of the city clerk to record the easements, the referee found that the unrecorded easement documents were returned to Quello's possession in 1971 and that he should have known or could have ascertained that they remained unrecorded. In addition, recorded testimony es-

tablishes that, on one occasion, Quello admitted to the present city attorney that the easements had not been recorded. Finally, the record demonstrates numerous instances when, in response to inquiries from city officials, Quello offered assurances that the easements had been recorded. Quello's misrepresentations, whether negligent as claimed by the respondent, or false and deceitful as found by the referee, resulted in demonstrated financial loss by the city. In neglecting this matter entrusted to him, Quello violated DR 6–101(A)(3) and failed to complete a contract of employment for professional services in violation of DR 7–101(A)(2).

Other evidence of record supports a complaint that Quello also represented conflicting interests in a real estate sale and mortgage transaction in violation of DR 5–105(A), (B) and 5–107(A)(2). He neither recorded the mortgage nor delivered it to the mortgagees despite their requests that he complete both tasks. The referee found that this constituted neglect of a matter entrusted to him in violation of DR 6–101(A)(3). Quello's negligence resulted in a loss to the mortgagees of $10,000 when the property was later resold, *see* DR 7–101(A)(3), although the mortgagees recovered at least a portion of the loss through subsequent litigation.

While other substantial evidence of client neglect and failure to discharge attorney responsibilities is found in the record, the foregoing examples are dispositive of the petition for disciplinary action.

Commingling of personal and client funds in the trust account, coupled with failure to maintain proper records, is grounds for serious professional discipline. *In re Serstock,* 316 N.W.2d 559, 561 (Minn. 1982). In the majority of cases involving extensive misappropriation of client funds, this court has ordered disbarment, unless mitigating circumstances justify a less severe sanction. *In re Austin,* 333 N.W.2d 633, 634–35 (Minn.1983). As in *Austin* and *Serstock,* we find that there are no such compelling mitigating circumstances to justify the imposition of a lesser sanction. De-

spite the fact that no money has been missing since 1980, the repetitive commingling, misappropriation and failure to maintain proper records were carried on over an extended period of time and involved substantial sums.

Quello's continued neglect of the affairs of the City of Spring Park regarding the sewer and water easements and the affairs of the mortgagees in the real estate transaction are also grounds for disbarment. *See In re Serstock,* 316 N.W.2d 559, 561 (Minn.1982). *See also In re Chmelik,* 203 Minn. 156, 160, 280 N.W. 283, 285 (1938).

Giving due weight to the recommendation of the referee, it is our conclusion that the evidence of substantial and repeated violations of the Code of Professional Responsibility warrants disbarment and that such action would be both fair and consistent with applicable precedent. *See, e.g., In re Agnew,* 311 N.W.2d 869 (Minn. 1981). Therefore, we conclude that respondent must be, and hereby is, disbarred.

Disbarred.