**In the Matter of the Application for the DISCIPLINE OF Kenneth R. PEAR-SON, an Attorney of Law of the State of Minnesota.**

No. C6–82–671.

Supreme Court of Minnesota.

March 28, 1986.

William J. Wernz, Director Lawyers Professional Responsibility Bd., Bruce E. Martin, St. Paul, for appellant.

Kenneth R. Pearson, Golden Valley, for respondent.

PER CURIAM.

As a result of disciplinary proceedings instituted by the Lawyers Professional Responsibility Board (LPRB) on August 3, 1984, Kenneth R. Pearson was indefinitely suspended from the practice of law. *In re Pearson,* 352 N.W.2d 415 (Minn.1984). On June 25, 1984 and on March 6, 1985, the director served supplementary petitions for disciplinary action. After a hearing on these subsequent petitions, a referee appointed by this court issued findings of fact and conclusions of law and recommended disbarment. We, too, conclude that respondent must be disbarred.

At the conclusion of the hearing on the supplementary petitions, the referee gave the parties six weeks in which to file briefs and proposed findings, conclusions, and recommendations. Respondent failed to file either brief or proposal. Neither respondent nor the LPRB ordered a transcript of the hearing. Therefore, the referee's findings of fact and conclusions of law are deemed conclusive. *In re Nelson,* 327 N.W.2d 576 (Minn.1982); Rules on Lawyers Professional Responsibility, Rule 14(d)(1985).

The referee found six instances of improper conduct: First, on April 25, 1983, during the pendency of the original proceedings, respondent accepted a $30,000 loan from an individual who was not a client. Representing that the $30,000 would be used to open a meat market,

respondent gave the lender a $40,000 promissory note which respondent had executed as president of the meat company. Respondent did not deposit the funds into the meat company's account; instead he converted a substantial portion of the $30,000 to his own personal use. The loan was not repaid when due. The lender secured a $40,000 judgment against respondent, but had collected only $125 at the time of the hearing.

The second count arises out of respondent's failure to meet tax obligations. Respondent failed to file individual income tax returns for 1981 and 1982 until after April 19, 1984. He has offered no explanation for the delay. In addition, respondent owes $22,000 in state and federal income and employee withholding taxes for the years 1977, 1978, and 1979. No payment plan has been arranged, and the only amounts collected have been by levies on respondent's personal checking account.

The third count is related to the second. From early in 1983 until August of 1984, respondent refrained from depositing payments for legal fees in his regular law office business account, either cashing checks for fees or depositing them in the "Kenneth R. Pearson Special Account" or the corporate account of a seafood company.

The fourth and fifth counts were the results of respondent's failure to inform clients of his suspension. Because of respondent's delay in notifying one client of the suspension, the client could not timely secure substitute counsel for a scheduled trial date. The trial had to be set over—to the prejudice not only of respondent's client but his adversary and the court system as well. Respondent also failed to provide the LPRB with affidavits, certifications, and copies of client notices of the suspension, all as required by Rule 26 of the Rules on Lawyers Professional Responsibility (1985).

The final count was based on respondent's non-cooperation. Respondent did not comply with the director's request for the records and account books of respondent's law practice. Respondent also failed to respond to the complaints of the district court judges involved in the postponement of trial because respondent's former client was without representation. This conduct constitutes a violation of Rule 25, RLPR.

The failure to file returns and to pay income taxes is a violation of DR 1-102(A)(6), now Rule 8.4(b) Minn. Rules of Professional Conduct (1985). Absent extenuating circumstances, such conduct mandates the imposition of discipline. *In re Bunker*, 294 Minn. 47, 199 N.W.2d 628 (1972). Here the violation was compounded by respondent's failure to deposit legal fees in his law office business account in an effort to avoid tax liens. Without more, these unexplained and unexcused violations justify disbarment. *In re Wackerbarth*, 287 N.W.2d 651 (Minn.1979).

Unfortunately, respondent's tax violations do not stand alone. His conversion of funds borrowed ostensibly in his capacity as president of a business corporation, his failure to notify clients of his suspension, his failure to respond to complaints of judges of the district court, his failure to cooperate in the investigation of the complaints against him, particularly when coupled with the violations which led to respondent's present suspension,[1] exhibit his

---

1. After a September 22, 1983 hearing, the referee found two counts of violations against Pearson. The first consisted of Pearson's failure to respond to or cooperate with the director's investigation of a complaint alleging he collected excessive fees as well as Pearson's failure to pay or arrange payment of an affirmed arbitration award settling the fee dispute. The second count arose out of Pearson's counseling a client under psychiatric care to invest $15,000 in a business in which Pearson was president. Pearson misrepresented what the funds would be

used for and failed to inform the client of the possible conflict of interest involved. The investment was repayable in 90 days with interest in excess of the legal rate, but was not repaid.

The appropriate sanction for these two counts has already been determined by this court and no further sanction can be based on them. In determining the appropriate sanction in this disciplinary proceeding, however, it is necessary to consider past violations, particularly where, as here, the previous and present behavior demonstrates a pattern of conduct indicating the level

disregard for his clients, employees, members of the public with whom he had dealings, the courts, and those charged with policing the profession. Nor does the record suggest any reason for this court to believe that respondent's lack of integrity is being corrected. In imposing a sanction we note that the purpose of disciplinary proceedings is not punishment of the respondent, but protection of the public from future harm. *In re Franke*, 345 N.W.2d 224, 228 (Minn.1984). We have weighed the nature of the misconduct and considered the cumulative weight of the disciplinary violations, the harm to the public, and the harm to the legal profession, *In re Agnew*, 311 N.W.2d 869, 872 (Minn.1981), and we conclude that we have no choice but to order disbarment.

Disbarred.

of the respondent's sense of professional responsibility. *See* Rule 19(b)(1) of the Rules on Lawyers Professional Responsibility.