In the Matter of the Application for the DISCIPLINE OF William Charles HOFFMAN, an Attorney at Law of the State of Minnesota.

No. C4–84–463.

Supreme Court of Minnesota.

Jan. 3, 1986.

William J. Wernz, Director of Lawyers Professional Responsibility Bd., St. Paul, for appellant.

William C. Hoffman, Lake Elmo, pro se.

**PER CURIAM.**

The Lawyers Professional Responsibility Board (LPRB) filed a petition and supplementary petition for disciplinary action against respondent, William Charles Hoffman, a lawyer admitted to the practice of law in this state since October 4, 1960. The petitions alleged three principal grounds for discipline: charging and collecting illegal fees from a client (Counts One through Four); failure to cooperate with the LPRB's investigation of Counts One through Four; and conviction of the gross misdemeanor of fleeing from a police office in a motor vehicle. Supreme Court Referee Hyam Segell heard evidence regarding the petitions and made findings of fact and conclusions of law. He found facts supporting the allegations and concluded that respondent had violated disciplinary rules as charged. The referee recommended that respondent be suspended for at least one year.

Respondent ordered a transcript of the hearing before the referee. The referee's findings and conclusions, therefore, are not conclusive under Rule 14(d), Rules on Lawyers Professional Responsibility (RLPR). Respondent does not, however, specifically indicate which, if any, of those findings and conclusions he disputes, as Rule 14(d) requires. It appears, rather, from respondent's answer to the petitions and from his hearing testimony that he does not materially dispute the referee's findings of fact. We uphold the referee's findings of fact. We conclude that Hoffman's conduct in charging and collecting illegal fees and in putting his own interests before those of his client in the professional relationship warrants professional discipline.

1. *Charging and collecting illegal fees.*

The most serious charge of professional misconduct against Hoffman alleges that he charged and collected illegal attorney fees for representing his client, David S. Henderson, in an Alaska workers' compensation claim. Henderson, a Minnesota resident, suffered a permanently disabling injury while working on the Alaska pipeline. He returned to Minnesota and retained Hoffman, a Minnesota attorney, to challenge the termination of workers' compensation benefits he had been receiving for his injury. At Hoffman's request, Henderson signed two written fee agreements to pay Hoffman 25% of any compensation recovered, excluding amounts voluntarily paid by the employer and insurer. Hoffman and Henderson traveled to Alaska, where Hoffman appeared on Henderson's behalf in an uncontested hearing before the Alaska Worker's Compensation Board. The Compensation Board, by decision and order dated November 28, 1979, awarded Henderson a lump sum of $20,618.39 and

weekly payments of $243.92. The order further provided that the employer's insurer would pay Hoffman attorney fees of 25% of the first $1,000 of the award and 10% of the remainder. This amount was the minimum fee provided by Alaska Stat. § 23.30.145(a). Under the order, these fees were to be paid directly by the insurer and were not to be deducted from the injured worker's award.

Respondent did not submit his retainer agreements for the Compensation Board's approval, nor did he appeal the order or the portion of the order relating to his fees. Rather, he informed Henderson that their fee agreement was binding and that the order did not apply to it. He charged Henderson and Henderson paid to respondent, 25% of the $20,618.39 lump sum payment and 25% of all monthly payments as Henderson received them, until July 1980. At that time Henderson received a copy of the decision and order and contacted the Alaska Compensation Board about the conflict between their order's provision for attorney fees and his 25% agreement with Hoffman. The Compensation Board notified Henderson and, by letter dated August 1, 1980, Hoffman, that under Alaska law any attorney fee arrangement for a workers' compensation claim must be approved by the Compensation Board to be valid.[1] Because the retainer agreement purported "to set a fee of ¼ payable from compensation awarded," the Compensation Board disapproved the contract. Henderson told Hoffman he had received this advice and refused to pay further fees under the retainer agreements.

Hoffman sued his client in Ramsey County District Court to collect fees he claimed he was owed under the 25% contract and sought damages in excess of $10,000. Henderson counterclaimed for the $6,862.03 in fees he had already paid. Hen-

derson was awarded the amount of his counterclaim on summary judgment and Hoffman's complaint was dismissed, with the trial court declaring the 25% contract void under Alaska law and Minnesota public policy. Henderson incurred attorney fees and costs in excess of $2,997.52 in connection with this Ramsey County fee litigation. At the same time Hoffman was contending in Ramsey County District Court that the November 28, 1979, order of the Alaska Worker's Compensation Board did not apply to his attorney fees, he accepted the attorney fees from the employer's insurer under the order and received a sum "in accordance with the 25 percent and 10 percent formula."

The trial court decision was upheld on appeal by the Minnesota Court of Appeals. *Hoffman v. Henderson*, 355 N.W.2d 322 (Minn.Ct.App.1984). This court and the United States Supreme Court denied further review. After exhausting those appeals, Hoffman paid the judgment he owed his former client.

The referee concluded that Hoffman's conduct regarding fees in Henderson's case violated several disciplinary rules. His failure to comply with Alaska law and his statement to Henderson that the Alaska decision and order, which set fees and directed they be paid directly by the insurer, did not affect their fee agreement was false and dishonest conduct prejudicial to the administration of justice in violation of DR 1–102(A)(4) and (5) and DR 7–102(A)(5), Model Code of Professional Responsibility (MCPR). In not advising his client that fee agreements in workers' compensation claim cases were regulated by Alaska law, Hoffman did not disclose to Henderson how his financial interests affected his professional judgment of the validity or applicability of these laws, in violation of DR 5–101(A), MCPR. Charging Henderson il-

---

**1.** Like Minnesota, Alaska regulates attorney fees in workers' compensation claim cases. Under Alaska Stat. § 23.30.145(a), all fee agreements in workers' compensation claims must be first approved by Alaska authorities. The statute sets a minimum legal fee of 25% of the first $1,000 of the award and 10% of all remaining sums. If

the employer controverts the compensation claim, the Alaska Worker's Compensation Board may order the employer or insurer to pay the fees rather than the successful claimant. The decision and order of the Alaska Compensation Board was consistent with these provisions.

legal fees and suing his client for those fees violated DR 2–106(A), DR 7–101(A)(1) and (3), DR 7–102(A)(8), DR 7–106(A) and DR 9–102(B)(4), MCPR.

Hoffman contends he was pursuing a rightful claim to fees through lawful means. He argues that neither Alaska law nor the order of the Alaska Worker's Compensation Board governs his fee arrangements with Henderson. He characterizes the retainer agreements as contracts executed in Minnesota between Minnesota parties. Before this court, however, Hoffman argued that he does not believe Minnesota law, containing similar regulation of workers' compensation attorney fees, governs fee contracts because Henderson's was an Alaska claim, not a Minnesota claim. Thus, Hoffman concludes, his fees were not illegal under any law and his conduct in advising and, later, suing his client was appropriate and does not warrant professional discipline.

■ The Court of Appeals analyzed Hoffman's reasoning according to choice of law doctrine. The Court concluded that Alaska law governed the fee agreements between Hoffman and Henderson. We concur with this analysis and result. Alaska law is an appropriate choice of law to govern these fee agreements under the factors set out by this court in *Milkovich v. Saari*, 295 Minn. 155, 203 N.W.2d 408 (1973). Alaska's governmental interests in Henderson's workers' compensation claim for an injury suffered in Alaska are greater than those of Minnesota. The integrity of Alaska's statutory workers' compensation scheme will be undermined if out-of-state lawyers can exempt themselves from its regulation of attorney fees. Applying Alaska law to an Alaska claim determined in an Alaska tribunal also simplifies the judicial task and promotes predictable results and interstate harmony. Finally, because Minnesota law is similar, in relevant respects, to Alaska law, we cannot say Minnesota law is the "better rule of law." The application of Alaska law to this fee agreement is also constitutional because, for the reasons stated above, Alaska has the required "significant contacts" with the contract. *Allstate Insurance Co. v. Hague*, 449 U.S. 302, 101 S.Ct. 633, 66 L.Ed.2d 521 (1981). Because Alaska law governed the fee contract and Hoffman acted in violation of that law and in contradiction of the order of the Alaska Worker's Compensation Board, his claims of lawful and appropriate conduct have no merit.

We cannot credit Hoffman with good faith in pursuing his fee suit under what we find to be a theory without legal merit. Respondent's conduct in collecting attorney fees both under the order and in opposition to it was, as the referee aptly put it, "utterly outrageous and adds to the flagrancy of his violation of the canons [of professional responsibility] in that respect."

■ Hoffman violated DR 1–102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation), DR 1–102(A)(5) (engaging in conduct prejudicial to the administration of justice), DR 2–106(A) (entering into an agreement for, charging, or collecting an illegal or clearly excessive fee), DR 7–101(A)(3) (prejudicing or damaging a client during the course of a professional relationship), DR 7–106(A) (disregarding or advising a client to disregard a ruling of a tribunal made in the course of a proceeding), and DR 9–102(B)(4) (failing to promptly pay to the client funds in possession of the lawyer that the client is entitled to receive). We hold that Hoffman's conduct in charging and collecting illegal fees warrants discipline. Before we consider what sanction will be imposed, we consider the effect of the remaining charges.

2. *Failure to Cooperate with the LPRB Disciplinary Investigation.*

■ The director of the LPRB requested certain information from Hoffman in early August 1983 about Henderson's fee complaint. Rule 25, RLPR, requires a lawyer under disciplinary investigation to cooperate with the LPRB and its director. The attorney must comply with reasonable requests to furnish designated papers or documents, to provide explanations or answers

in writing, and to appear for conferences and hearings. Failure to cooperate is a separate ground for professional discipline. *In re Cartwright,* 282 N.W.2d 548 (Minn. 1979).

In response to this request for information, Hoffman filed in this court for a writ of prohibition against the director and served notice of the petition on the director. The petition raised broad constitutional challenges to the Minnesota attorney disciplinary process and to state rules governing lawyers' professional conduct. In September 1983, this court denied Hoffman's petition. The director's office thereafter wrote again to Hoffman requesting a reply. In response, Hoffman served a federal summons and complaint on the director, alleging similar constitutional challenges. In early December, the director wrote to Hoffman notifying him that charges of professional misconduct had been filed and telling him of a required pre-hearing meeting, scheduled in early January 1984. On December 28, 1983, Hoffman's federal complaint was dismissed. The next day, Hoffman filed a motion in this court seeking an order granting certain procedural due process rights in all Minnesota attorney disciplinary proceedings. Hoffman notified the director of the motion in letters of December 29, 1983, and January 9, 1984, and claimed the scheduled pre-hearing meeting would have to be postponed, to preserve his constitutional rights. The pre-hearing meeting was held on January 13, 1984. Hoffman did not attend. The director then sent Hoffman proper notice of an LPRB panel hearing of charges against him and the hearing was held on February 17, 1984. Again, Hoffman did not attend. The referee concluded Hoffman failed to cooperate with the investigation and thereby prejudiced the administration of justice, violating Rule 25 and DR 1–102(A)(5).

This court has recently considered a challenge to Rule 25 on the grounds that it was void for vagueness, thereby violating due process. We upheld its constitutionality by providing that motions arising from Rule 25 requests may be brought in Ramsey County District Court, which also has jurisdiction to hear motions arising from depositions under Rule 9(d). We held that a good faith challenge to a particular request would not be deemed a failure to cooperate sufficient to invoke the sanction of Rule 25. The procedure we adopted to facilitate the bringing of good faith challenges to requests provides "an adequate safeguard against encroachment on constitutionally protected conduct and against other unreasonable requests." *In re N.P.,* 361 N.W.2d 386, 394–95 Minn. (1985) *appeal dismissed,* —— U.S. ——, 106 S.Ct. 375, 88 L.Ed.2d 330 (1985). This procedure was not available until January 25, 1985, when the decision of *In Re N.P.* was filed. In evaluating Hoffman's actions, we take note of the fact that his challenges to Rule 25 requests were brought before this court had outlined to such claimants the proper procedure to be followed.

■ Hoffman responded to each of the director's letters and notices promptly. Even though his responses were notices of legal proceedings constitutionally challenging the director's requests and the disciplinary rules, we find these challenges were made in good faith and qualify for the protection granted by this court to such challenges in *In Re N.P., supra.* Under these circumstances, Hoffman will not be sanctioned for failure to cooperate under Rule 25.

### 3. *Criminal Conviction.*

■ The supplemental petition charged that Hoffman committed professional misconduct by being convicted on November 25, 1984, in Washington County of fleeing a police officer in a motor vehicle, a gross misdemeanor. Minn.Stat. § 609.487, subd. 3 (1984). Under Rule 19(a), RLPR, a criminal conviction is conclusive evidence in a disciplinary proceeding that a lawyer committed the conduct for which he or she was convicted. *Accord Matter of Ostfield,* 349 N.W.2d 274 (Minn.1984). The referee concluded Hoffman's criminal conviction was conduct by an attorney prejudicial to the

**519**

administration of justice in violation of DR 1–102(A)(5), MCPR.

Hoffman's disregard for motor vehicle safety and the lawful authority of the police is not conduct to be expected of a lawyer, but an isolated incident is not usually grounds for professional discipline. The sanctions imposed on Hoffman by the criminal justice system, including a fine and a criminal record, are an appropriate punishment for his actions. On the facts of this case, a gross misdemeanor conviction for fleeing a police officer in a motor vehicle does not warrant professional discipline.

We must now determine the sanction to be invoked for respondent's misconduct in charging and collecting illegal fees. To determine the appropriate sanction we are guided by prior discipline cases. *See, e.g., In Re Serstock*, 316 N.W.2d 559 (Minn.1982). We recently held that collection of workers' compensation attorney fees in excess of those authorized is "very serious misconduct, by itself warranting suspension." *In Re Beal*, 374 N.W.2d 715, 719 (Minn.1985). The severity of the suspension depends on the facts and circumstances of the case. The conduct and surrounding circumstances of this case are similar to those of *In Re Beal*. Both Hoffman and Beal made and enforced fee agreements in workers' compensation cases that violated an applicable statute or order. Both attorneys' clients initially agreed to the fees and thought them reasonable at the time they paid them. Both attorneys provided their clients commendable legal services, resulting in favorable decisions. But, in both cases, the attorney failed to put the client's interests above his own. Hoffman's conduct was in his own pecuniary interest, adverse to his client's interest, and in disregard of lawful authority.

The referee recommended suspension for one year. While we place great weight upon the referee's recommendation, the final responsibility for determining appropriate discipline rests solely with this court. *In Re Fling*, 316 N.W.2d 556, 559 (Minn.1982). In *In Re Beal*, we found a three-month suspension followed by probation the appropriate sanction.

Accordingly, we order the following sanctions:

1. William Charles Hoffman is publicly reprimanded.

2. William Charles Hoffman is suspended from the practice of law for a period of three months, commencing one week from the date of this decision. Compliance with Rule 18(e), Rules on Lawyers Professional Responsibility shall not be a condition of reinstatement.

3. Hoffman is placed on probation from the date of reinstatement subject to the following conditions:

a. That Hoffman commit no violations of the Minnesota Rules of Professional Conduct;

b. That the probationary period continue until Hoffman has successfully completed the multistate professional responsibility examination.

It is so ordered.

KELLEY, J., took no part in the consideration or decision of this case.