**In re Petition for DISCIPLINARY ACTION AGAINST John F. MARKERT, an Attorney at Law of the State of Minnesota.**

No. C2–88–2480.

Supreme Court of Minnesota.

Sept. 21, 1989.

## ORDER

The Director of Lawyers Professional Responsibility filed a petition alleging that the Respondent John F. Markert had violated the Rules of Professional Conduct to such an extent as to require public discipline. Following Mr. Markert's filing of an answer, the matter was referred to a referee appointed by this court. In due course the referee made findings of fact which can generally be summarized that Mr. Markert was employed by Harry N. Ray when the latter was suspended. Notwithstanding Mr. Ray's suspension, the two continued to be associated together and purported to practice law under the name of John F. Markert, Ltd. although Mr. Ray appeared as office manager and, in fact, represented clients while this arrangement was in effect. Although the referee found that clients of John F. Markert, Ltd. had been misled by either Ray or Markert, or both, and were therefore improper, he also concluded that the Respondent was not proved by clear and convincing evidence to have aided Ray in such a way as to amount to an unauthorized practice of law nor to have actively misled anyone to believe that Ray was not a suspended lawyer. The referee, having found that Markert's conduct in regard to a statement to the Lawyers Professional Responsibility Board was negligently and carelessly made, concluded that those statements violated Rule 8.4(d), Minnesota Rules of Professional Conduct. Finally the referee concluded that Markert was negligent in his supervision and oversight of Ray's conduct relating to Markert's practice which violated Rules 5.3, 5.5(b) and 8.4(a), Minnesota Rules of Professional Conduct. The referee recommended public reprimand with certain conditions.

The court having examined the petition, the answer, the findings of fact, conclusions of law and recommendation of the referee, NOW ORDERS:

1. The Respondent John F. Markert is hereby publicly reprimanded.

2. The Respondent shall immediately terminate all employment and other professional relationships relating to the practice of law with Harry N. Ray.

3. Respondent shall within 30 days relocate his law office from the 10240 Chicago Circle, Bloomington, Minnesota address which is also Ray's residential address.

4. Respondent shall have no further employment or other professional relationship relating to the practice of law with Harry N. Ray.

5. Respondent shall allow the Director to review his files and law office books and records at any time during the next two years so that the Director may monitor Respondent's compliance with above conditions.

6. Respondent shall pay to the Lawyers Professional Responsibility Board costs of $750 and disbursements of $600 pursuant to Rule 24, Rules on Lawyers Professional Responsibility.