Deborah L. STRANDE, Relator,

v.

WOMAN'S CLUB OF MINNEAPOLIS and Employers of Wausau Insurance Co., Respondents,

and

Healthcare Recoveries for PHP, et al., Intervenors.

No. C2-94-558.

Supreme Court of Minnesota.

June 30, 1994.

Mark L. Seeger, Charles A. Beckjord, Starr & Seeger, Minneapolis, for appellant.

Shannon Peterson, Larsen Heck, Klimek, and Powell, for respondent.

Kris A. Wittwer, Suite 200, Minneapolis, for Observer Abbott Northwestern Hosp.

Lyle Kaufman, St. Paul, for Blue Cross and Blue Shield of Minnesota.

Judy Poppenhagen, Louisville, KY, for Health Care Recoveries for PHP.

Cheryl Eliason, St. Paul, for MN Dept. of Labor & Industry/DVR.

Steve Buffington, St. Paul, and George M. Roehrdanz, Minneapolis, and Kathy Sorenson, Benefit Recovery Section, St. Paul, for MN Dept. of Human Services.

## OPINION

PER CURIAM.

We review on certiorari an order of the Workers' Compensation Court of Appeals denying a petition to vacate a settlement-based award on grounds of fraud and newly discovered evidence: *i.e.*, that employee's attorney collected fees in excess of the amount allowed by statute. In denying the petition, the WCCA concluded the collection of improper attorney fees alone did not come within the statutory grounds for setting aside an award, Minn.Stat. § 176.461 (1992), and suggested employee was in the wrong forum. We affirm.

Deborah L. Strande retained George M. Roehrdanz & Associates to represent her in pursuing her workers' compensation claim against her employer, the Woman's Club of Minneapolis. Employee had sustained a compensable injury to her right foot in 1985. She continued to work until April 3, 1989, when she reinjured her foot at home. Employee contended the 1989 injury was a compensable consequence of the 1985 injury. When the Roehrdanz law firm declined to take the case for the contingent fee permitted by statute, the employee's 76–year–old male companion agreed to pay attorney fees on an hourly basis.

In the spring of 1993, the parties negotiated a settlement agreement pursuant to which employee received $28,000 in exchange for a full, final and complete settlement of all past, present and future workers' compensation benefits—including medical benefits—from both the 1985 and alleged 1989 injuries.[1] An award on stipulation was filed on June 10, 1993.

Having discovered the Roehrdanz firm collected over $21,000 in fees,[2] employee seeks to vacate the award on stipulation, not on grounds that the settlement is unfair,[3] but on grounds that she received no benefit from the settlement—that it was Roehrdanz who profited. Employee maintains the WCCA is the appropriate forum in which to have the fee complaints heard and the funds returned. Although the fee dispute might have been resolved by the compensation judge had the problem surfaced before the fee was paid, vacation of the award on stipulation would bring neither Roehrdanz nor the fee payer before the WCCA. We have previously held that the collection of fees in excess of those authorized by the workers' compensation commission is serious misconduct warranting discipline, *e.g.*, *In re Hoffman*, 379 N.W.2d 514 (Minn.1986), but it seems to us the employee and her companion must either petition the WCCA for review of the fees, Minn. Stat. § 176.081, subds. 3, 5(a), 5(c) (1992), or bring an action in district court.

Affirmed.

WAHL, Justice took no part in the consideration or decision of this matter.

---

1. Several outstanding medical bills were paid and two state agencies were reimbursed out of the $28,000 settlement; net proceeds of $19,-492.35 remained for payment to Strande.

2. In the proceedings before the WCCA, Roehrdanz filed an affidavit in which he admitted that he received legal fees in excess of the amount allowed by Minn.Stat. § 176.081, subd. 1(a) (1992), although he disputed employee's computation of fees charged for the workers' compensation matter. Roehrdanz claimed there was noth-ing fraudulent or contrary to law, that section 176.081 only governs fee arrangements between an attorney and the employee, and that another attorney agreed there was "no problem" with collecting fees on an hourly basis from a third party.

3. Nobody contends that the employer and its workers' compensation carrier had anything to do with inducing any misapprehension on the employee's part.