In re Petition for DISCIPLINARY AC-TION AGAINST Gary Y. PANG, an Attorney at Law of the State of Minnesota.

No. C3–93–1000.

Supreme Court of Minnesota.

Sept. 21, 1994.

*ORDER*

WHEREAS, the Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action, together with first and second supplemental petitions, alleging with specificity that respondent Gary Y. Pang has, over a period of years, engaged in repeated and continued neglect of client matters, has misappropriated client funds and has failed to cooperate with the Director's investigation; and

WHEREAS, the respondent has unconditionally admitted the allegations of the multiple petitions, has waived any rights he has pursuant to Rule 14, Rules on Lawyers Professional Responsibility, and has entered into a stipulation with the Director by which they jointly recommend respondent's disbarment and the payment of $750 in costs and disbursements;

WHEREAS, this court has independently reviewed the record and agrees that the conduct admitted to by respondent warrants disbarment,

IT IS HEREBY ORDERED that the stipulation is accepted and approved and Gary Y. Pang is disbarred from the practice of law. The Director is awarded costs and disbursements in the amount of $750.

/s/ M. Jeanne Coyne

M. Jeanne Coyne
Associate Justice

In re Petition for DISCIPLINARY AC-TION AGAINST John F. MARKERT, an Attorney at Law of the State of Minnesota.

No. C2–88–2480.

Supreme Court of Minnesota.

Sept. 29, 1994.

*ORDER*

WHEREAS, the Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent John F. Markert has violated the terms of an order of this court directing him to terminate any professional relationship with a named suspended attorney, *In re Markert*, 446 N.W.2d 170 (Minn.1989); and

WHEREAS, the respondent has unconditionally admitted the allegation of the petition, has waived any rights he has pursuant to Rule 14, Rules on Lawyers Professional Responsibility, and has entered into a stipulation with the Director by which they jointly recommend a public reprimand, 2 years' supervised probation and the payment of $750 in costs and disbursements; and

WHEREAS, this court has independently reviewed the record and agrees that the conduct admitted to by respondent warrants the agreed to discipline,

IT IS HEREBY ORDERED that respondent John F. Markert is publically reprimanded and is placed on 2 years' probation with the following stipulated to conditions:

a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

b. Respondent shall abide by the Minnesota Rules of Professional Conduct.

c. Respondent shall not employ or in any way use Joyce Ray or Harry N. Ray to handle [John F. Markert, Ltd., hereinafter "JFM"] clients or office matters, including JFM or personal income tax returns. Any JFM clients who continue to use respondent as counsel shall be directed to contact respondent at his Murrin law firm address or at his home address.

d. Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Respondent shall provide to the Director the names of four attorneys who had agreed to be nominated as respondent's supervisor within two weeks from the date [of this order]. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, the respondent shall on the first day of each month provide the Director with an inventory of active client files described in paragraph e below. Respondent shall make active client files available to the Director upon request.

e. Respondent shall cooperate fully with the supervisor in his/her efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall also submit reports to the supervisor at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director or the supervisor, which identify respondent's employer, if any, and verify respondent's continuing disassociation from Harry N. Ray. Respondent shall also report the names of all non-Murrin files on which he is doing legal work and the name(s) of all attorneys and non-attorneys providing any assistance to him on such files, whether that assistance is secretarial, investigative or other work.

f. Respondent shall allow the Director and supervisor to review his non-Murrin files and law office books and records at any time during the next two years so that the Director or supervisor may verify respondent's compliance with the above conditions.

The Director is awarded costs and disbursements in the amount of $750.

BY THE COURT:

/s/M. Jeanne Coyne
M. Jeanne Coyne
Associate Justice