**In re Petition for DISCIPLINARY ACTION AGAINST Shirley A. DVORAK, an Attorney at Law of the State of Minnesota.**

No. C7–95–1179.

Supreme Court of Minnesota.

Oct. 17, 1996.

Kermit Edward Bye, Vogel, Kelly, Knutson, Weir, Bye & Hunke, Ltd., Fargo, ND, for Appellant.

Marcia A. Johnson, Director, Timothy M. Burke, Sr. Asst. Director, Office of Lawyers Professional Responsibility, St. Paul, for Respondent.

## OPINION

PER CURIAM.

The Director of the Office of Lawyers Professional Responsibility filed a petition seeking public discipline of respondent, Shirley A. Dvorak, for conduct leading to her plea of guilty in federal court in North Dakota to a single misdemeanor count of filing a false tax return. Subsequently, the Director filed an amended petition adding a second count alleging Dvorak improperly billed Minnesota clients in a bankruptcy matter.

The Honorable Harlan L. Nelson conducted a hearing on the Director's petitions on December 4 and 5, 1995. On December 22, 1995, he issued his findings of fact, conclusions of law, and recommendation for disci-

pline. The referee concluded that Dvorak's action in filing a false tax return violated Minnesota Rules of Professional Conduct (MRPC) 8.4(b) and (c). The referee also concluded that fees Dvorak charged clients in the bankruptcy matter violated MRPC Rules 1.5(a) and 3.4(c). He recommended that Dvorak be suspended from the practice of law for a minimum of 6 months, subject to reinstatement pursuant to Rule 18, Rules on Lawyers Professional Responsibility (RLPR), only after demonstrating she has met certain requirements as outlined by the referee. The Director urges a suspension of not less than 12 months.

Shirley Dvorak was admitted to practice in Minnesota in 1981. She is an honors graduate of the University of North Dakota Law School and was originally admitted to practice law in that state in 1976 and, subsequently, in Florida in 1992. Dvorak has spent her entire professional career with what is now the Moosbrugger, Dvorak & Carter law firm in Grand Forks, North Dakota. Although Dvorak has no prior history of discipline in Minnesota, she has been sanctioned twice in North Dakota for minor misconduct. In 1995 she was admonished for failing to adequately supervise a non-lawyer assistant and, in 1980, she was privately reprimanded for filing a lien for unpaid legal fees before judgment had been recorded in the case.

The alleged violation of MRPC Rules 8.4(b) and (c) arises out of Dvorak's conviction for a misdemeanor tax violation. On March 15, 1995, Dvorak and law partner John Moosbrugger each pleaded guilty in federal district court to a misdemeanor count of willfully filing a fraudulent or false tax return in violation of 26 U.S.C. § 7207 (1994). Although all four partners in the Moosbrugger firm underreported income in an identical amount, only Dvorak and Moosbrugger were charged criminally. Dvorak asserts that the omission was the innocent result of disarray in the firm's accounting records resulting from the forging of checks, embezzling of funds, and neglect of firm records by a former employee of the firm. However, Dvorak contends that she felt she had little choice but to plead guilty because she could neither risk a felony conviction nor afford the expense of defending at trial.

The alleged violation of MRPC Rules 3.4(c) and 1.5(a) arises out of Dvorak's handling of the bankruptcy of Minnesota clients Alex and Edna Wald. The Walds hired Dvorak to represent them in the Chapter 11 bankruptcy of their farming operation in May 1985. The Walds orally agreed to pay Dvorak a retainer of $5,000 and made an initial payment of $2,700 toward that retainer. Their fee arrangement was outlined in the required Statement Pursuant to Rule 2016(b) filed with the bankruptcy court. On February 26, 1987, Dvorak submitted an Application for Administrative Compensation Allowance to the bankruptcy court seeking total compensation of $20,075.27, including costs. After a hearing, the court awarded the firm $10,000 in fees and $3,566.52 in costs, for a total of $13,566.52. Dvorak appealed the compensation award.

The Walds subsequently voluntarily settled with their creditors. Before the bankruptcy was officially dismissed by the court and while appeal of the fee award was pending, however, Dvorak collected an additional $11,332.42 in fees from the Walds. Along with other interim payments, this brought the Walds' total fee payments to $19,647.42 and exceeded the bankruptcy court's order by $6,080.90. In 1992, after the Walds were contacted by an Internal Revenue Service agent investigating the Moosbrugger firm, they sought, and ultimately received, a refund from Dvorak and the firm in the amount of $6,080.90 in fees and $3,949.34 in interest.

■ Dvorak challenges certain of the referee's findings of fact, conclusions of law, and recommended discipline. Because Dvorak timely ordered a transcript, the referee's findings are not conclusive. Rule 14(e), RLPR. In disciplinary hearings, the standard of review for this court is whether the referee's findings and conclusions are clearly erroneous. *In re Gurstel,* 540 N.W.2d 838, 840 (Minn.1995); *In re Montpetit,* 528 N.W.2d 243, 245 (Minn.1995).

I.

■ We first consider whether the referee clearly erred in concluding that Dvorak's

guilty plea to the misdemeanor of filing a false tax return establishes a violation of MRPC Rules 8.4(b) and (c). These rules provide that it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects" or to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation." MRPC 8.4(b)–(c).

Dvorak acknowledges that Rule 19(a) of the RLPR provides that a lawyer's criminal conviction is "conclusive evidence that the lawyer committed the conduct for which the lawyer was convicted" in disciplinary proceedings. Rule 19(a), RLPR. However, she argues that her misdemeanor conviction under 26 U.S.C. § 7207 does not, under the circumstances, violate MRPC Rules 8.4(b) and (c). Dvorak asserts that while this court has held that failure to file a tax return violates standards of professional conduct, see, e.g, In re Singer, 541 N.W.2d 313, 315 (Minn.1996); In re Chrysler, 434 N.W.2d 668, 669 (Minn.1989); In re Bunker, 294 Minn. 47, 55, 199 N.W.2d 628, 632 (1972), that does not dictate that the misdemeanor underreporting of income necessarily violates the rules. On the contrary, Dvorak argues that filing a false return under 26 U.S.C. § 7207 (punishable by a maximum fine of $10,000 and/or 1 year in prison) is inherently a less serious crime than failure to file under 26 U.S.C. § 7203 (punishable by a maximum fine of $25,000 and/or 1 year in prison), as evidenced by the more severe penalties imposed for the latter. In arguing that her misdemeanor conviction does not reflect adversely on her honesty, trustworthiness, or fitness as a lawyer, Dvorak also cites an affidavit filed with this court, in which the United States Attorney concedes that the plea was reached because of the anticipated difficulty of proving "outright fraud" in the case.

We are not unsympathetic to Dvorak's arguments that she felt she had little alternative but to plead guilty. The record reflects that Dvorak provides the sole support for herself and her husband, and has taken in her elderly mother. We believe that, faced with similar circumstances, many would choose to enter a plea in order to avoid the emotional and financial toll of a public trial. However, attorneys may not avoid the consequences of criminal conviction by attempting to relitigate the issue of guilt or innocence in subsequent disciplinary proceedings. Under the presumption created by RLPR Rule 19(a), we must presume that Dvorak committed the acts underlying her plea of guilty. Consequently, we cannot say the referee's conclusion that Dvorak violated MRPC Rules 8.4(b) and (c) is clearly erroneous.

## II.

We next consider Dvorak's challenge to the referee's conclusion that in her billing of the Walds, Dvorak knowingly disobeyed an order of the bankruptcy court in violation of MRPC Rule 3.4(c) and, in so doing, charged an unreasonable fee in violation of MRPC Rule 1.5(a). Dvorak challenges the referee's findings and conclusions on two grounds: (1) that nothing in the order indicated that the court's award of fees in the case included the $5,000 paid pre-petition by the Walds, and (2) that the Wald bankruptcy was "essentially over" at the time of the Walds' final payment to the firm, and thus the bankruptcy court no longer had jurisdiction over the matter.

First, Dvorak argues that because the award was silent on the pre-petition fees previously disclosed to the court, the firm was actually entitled to receive the $5,000 plus costs paid pre-petition by the Walds, totalling $5,315, in addition to the $13,566.62 awarded by the court, for a total of $18,-881.62. Although Dvorak acknowledges the court's authority to cancel or alter a pre-petition fee agreement, see 11 U.S.C. § 329, she contends that by remaining silent on the issue, the court did not alter the pre-petition agreement. Accordingly, Dvorak argues that even assuming the bankruptcy court had continuing jurisdiction at the time of the Walds' final payment to the firm, the amount of overpayment based on the $19,647.74 actually received by the Moosbrugger firm was only $766.12. In a deposition submitted to the referee, Dvorak's expert witness on bankruptcy law, David DeMars, agreed with her interpretation of the bankruptcy court's award.

The Director responds that the comments of the bankruptcy judge at the hearing considering the petition for attorney fees clearly indicated that the $10,000 award was the total amount of attorney fees he would award to the Moosbrugger firm:

> THE COURT: I will award attorneys' fees in the case in the amount of $10,000, and I will award the full amount of the expenses.
>
> \* \* \* \* \* \*
>
> But I just can't award any more than that.

Dvorak next argues, however, that even if we reject her contention that the bankruptcy court's award was in addition to the pre-petition fees, we must find that the referee erred in concluding that she violated MRPC Rule 3.4(c). She contends that the November payment of $11,332.42 by the Walds did not violate the bankruptcy court's order because the bankruptcy proceeding was "essentially over" at the time of the final payment. Because the bankruptcy court had lifted the automatic stay of payments to major creditors, Dvorak contends the bankruptcy court no longer had jurisdiction and, accordingly, there was no need for the firm to seek court approval of any further fee payments by the Walds.

Dvorak cites no case law in support of her contention that court approval of the final Wald payment was not required because the bankruptcy matter was essentially settled, but argues that common sense dictates such a conclusion. She points out that no party challenged distributions to creditors made without court approval just prior to the allegedly improper fee payment to the Moosbrugger firm. She also points out that if the firm had waited a few weeks until the bankruptcy was formally dismissed before securing the final fee payment, there would be no question that the bankruptcy court would have lacked jurisdiction in the matter.

Rule 3.4(c) of the MRPC provides that a lawyer shall not "knowingly disobey an obligation under the rules of a tribunal \* \* \*." The referee concluded after hearing arguments from both sides that Dvorak violated the rule by charging fees in excess of those approved by the bankruptcy court. Dvorak acknowledged that the Walds made fee payments to the firm in excess of the dollar amount approved by the bankruptcy court while their Chapter 11 petition was at least technically still pending. While we might reach a different conclusion on the issue of whether Dvorak "knowingly" violated the bankruptcy court's order, we cannot say that the referee's conclusion was clearly erroneous. *See Montpetit*, 528 N.W.2d at 245.

■ Similarly, we believe the referee's conclusion that Dvorak's fee in the Wald matter was an unreasonable fee in violation of Rule 1.5(a) of the MRPC was not clearly erroneous. Our case law supports the proposition that a fee in excess of the amount authorized by statute or court order where authorization is required is an unreasonable fee. *See, e.g., In re Simmonds*, 415 N.W.2d 673, 674 (Minn.1987); *In re Hoffman*, 379 N.W.2d 514, 516–17 (Minn.1986); *In re Beal*, 374 N.W.2d 715, 718–19 (Minn.1985).

### III.

■ The difficult issue in this case is that of determining the appropriate sanction for Dvorak's misconduct. We place great weight on the referee's recommendation, "but the final responsibility for determining appropriate discipline rests solely with this court." *Beal*, 374 N.W.2d at 719. The purposes of attorney discipline are to "protect the courts, the legal profession, and the public, guard the administration of justice, and deter similar misconduct." *Gurstel*, 540 N.W.2d at 841 (quoting *In re Isaacs*, 451 N.W.2d 209, 211 (Minn.1990)). To determine the appropriate sanction for particular misconduct, we consider four general factors: the nature of the misconduct; the cumulative weight of any disciplinary rule violations; the harm to the public; and the harm to the legal profession and the administration of justice. *Id.* at 841–42. While consistency is a goal in discipline, each case is unique and must be examined on its own facts. *In re Boyd*, 430 N.W.2d 663, 664–65 (Minn.1988).

■ We first consider the appropriate sanction for Dvorak's violation of MRPC Rules 8.4(b) and (c) in the tax matter. Where an attorney has been sanctioned by disciplinary authorities in his or her home

state for misconduct occurring in that state, we look first to that state's determination of the appropriate sanction. While we will not be bound by that assessment, we think it appropriate that we afford it considerable deference in reaching our own determination of the proper sanction for the same misconduct. Disciplinary authorities in Dvorak's home state of North Dakota determined that no suspension was warranted in the tax matter and instead issued a public reprimand. We also note that Florida authorities allowed Dvorak to accept an admonishment by admission of minor misconduct. While we take all allegations of misconduct involving false statement very seriously, we agree with North Dakota and Florida authorities that no suspension is warranted by the tax violation in this case.

In reaching this determination, we note first that Dvorak's plea was to a single misdemeanor count. We also find significant that both the sentencing federal district judge and the U.S. Attorney submitted affidavits on Dvorak's behalf and acknowledged, alternately, that there appeared to be "a considerable amount of selectivity in [Dvorak's] prosecution" and that the government "recognized there would have been difficulty in proving that there was any outright fraud committed" in accepting Dvorak's plea to a misdemeanor. Although RLPR Rule 19(a) precludes us from considering the appropriateness of the conviction, we have stated that we will look to the circumstances surrounding a criminal conviction to see whether a lesser disciplinary sanction is appropriate. *In re Ray,* 408 N.W.2d 581, 583 (Minn.1987). Accordingly, we believe a public reprimand is a sufficient sanction on this record.

■ We next consider the appropriate sanction for Dvorak's violation of MRPC Rules 3.4(c) and 1.5(a) in her billing of clients Alex and Edna Wald in their Chapter 11 bankruptcy. To determine the appropriate sanction, we look to our prior case law. In our decisions in *Hoffman,* 379 N.W.2d at 516, 519, and *Beal,* 374 N.W.2d at 718, we imposed 3–month suspensions where the attorney knowingly collected fees in excess of those allowed under applicable workers compensation law. However, we note that the

attorneys in those cases were guilty of other, serious ethical violations in addition to their fee indiscretions. *Hoffman,* 379 N.W.2d at 515, 519 (sanctioning an attorney for a gross misdemeanor conviction for fleeing police officer in a motor vehicle in addition to the fee violation); *Beal,* 374 N.W.2d at 715 (sanctioning an attorney for commingling of funds, failure to keep appropriate books and records, failure to properly account for client trust funds, and filing of improper liens in addition to the fee violation).

We consider significant in this matter that Dvorak had settled the fee dispute to the Walds' satisfaction prior to the institution of any disciplinary proceedings by the Director. We have previously recognized as a mitigating factor that the attorney has taken remedial measures freely prior to disciplinary proceedings. *See, e.g., In re Wylde,* 454 N.W.2d 423, 424–25, 427 (Minn.1990) (recognizing respondent's payment of his tax obligation prior to disciplinary proceedings as a mitigating factor).

We further recognize as mitigating factors in this case that Dvorak has not previously been subject to discipline in 15 years of practice in this state, *see In re Lochow,* 469 N.W.2d 91, 96 (Minn.1991); that she encountered substantial personal problems during the period in question, including the illness and death of her father, *see In re Knutson,* 405 N.W.2d 234, 236 (Minn.1987); that she cooperated fully in the disciplinary investigation and, in fact, notified the Director in advance of her intent to plead guilty in the tax matter, *see Montpetit,* 528 N.W.2d at 245 n. 1; that she contributed substantial pro bono and volunteer work to her community, *Lochow,* 469 N.W.2d at 96; and that she possesses an outstanding reputation for honesty and hard work within the profession, as attested to in these disciplinary proceedings by both members of the judiciary before whom she has appeared and by her fellow practitioners, *see Montpetit,* 528 N.W.2d at 245 n. 1.

Because we believe the violations in question are remote and isolated incidents in an otherwise distinguished legal career, we conclude that a 30–day suspension from the practice of law, in addition to a public repri-

mand in the tax matter, is the appropriate sanction on this record.

Accordingly, we order:

1. That respondent, Shirley A. Dvorak, is hereby publicly reprimanded for violating Rules 8.4(b) and (c) of the Minnesota Rules of Professional Conduct by willfully filing a false tax return in the state of North Dakota;

2. That respondent be suspended from the practice of law in the state of Minnesota for a period of 30 days, commencing 14 days from the date of this order;

3. That respondent comply with the notice requirements of Rule 26, Rules on Lawyers Professional Responsibility;

4. That respondent shall pay to the Director the sum of $900 in costs and disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

We waive the requirement of a petition for reinstatement under Rule 18, Rules on Lawyers Professional Responsibility.

So ordered.

COYNE, J., took no part in the consideration or decision of the case.