In re Petition for DISCIPLINARY ACTION AGAINST Helen A. DOVOLIS, an Attorney at Law of the State of Minnesota.

No. C2–97–11.

Supreme Court of Minnesota.

Jan. 15, 1998.

Martin A. Cole, Acting Director, Eric T. Cooperstein, Asst. Director, Office of Lawyers Professional Responsibility, St. Paul, for Director.

Helen A. Dovolis, Eden Prairie, for respondent.

## OPINION

PER CURIAM.

Respondent Helen A. Dovolis ("Dovolis"), a sole practitioner, was admitted to practice law in Minnesota on September 29, 1978. Dovolis was issued an admonition in 1994 for improperly soliciting employment from a client in violation of Minn. R. Prof. Conduct 5.3(b) and (c)(1), 7.2(b), and 7.3. On January 2, 1997, the Director of the Office of Lawyers Professional Responsibility ("Director") filed a petition for disciplinary action with this court alleging that Dovolis committed numerous acts of professional misconduct. Specifically, the petition alleges that Dovolis misappropriated more than $62,000 from 13 clients over a four-year period by purportedly settling their claims and then forging their signatures on settlement checks and releases without their knowledge or consent; and to hide her misconduct, Dovolis lied to clients and failed to communicate with them both before and after the misappropriations, misrepresented facts to opposing parties and counsel, and maintained inadequate books and records. Because of the nature of the misconduct, this court temporarily suspended Dovolis from the practice of law on April 9, 1997, pending a final determination of the petition for disciplinary action.

Supreme Court Referee Russell Anderson conducted a hearing on the disciplinary pe-

tition. The referee found that Dovolis engaged in the misconduct alleged in the petition for disciplinary action and that the misconduct violated Minn. R. Prof. Conduct 1.2(a), 1.4, 1.15, 1.16(d), 4.1, 8.4(b), 8.4(c), and 8.4(d) and Lawyers Professional Responsibility Board Opinion 9. The referee further found that while Dovolis may have suffered from a psychological disorder, in that she was a compulsive pathological gambler, the psychological disorder did not cause her misconduct. The referee also found that Dovolis presented no evidence that her misconduct has been arrested, that she is currently seeking treatment for the psychological problem,[1] or that the misconduct is not likely to recur. As a result, the referee recommended that Dovolis be disbarred. The Director now asks this court to adopt the referee's recommendation. For her part, Dovolis admits she committed the misconduct alleged in the petition for disciplinary action; however, she asserts that because she has a gambling problem that "caused" her misconduct, a one-year suspension is the appropriate discipline.

 Because Dovolis does not challenge the referee's findings of fact and conclusions of law, and because she admits to engaging in the misconduct alleged in the petition for disciplinary action, the only issue before this court is the appropriate discipline to be imposed. *See In re Ward,* 563 N.W.2d 70, 72 (Minn.1997). In making this determination, we note that the purpose of attorney discipline is not punishment, but rather "to guard the administration of justice and to protect the courts, the legal profession and the public." *In re Serstock,* 316 N.W.2d 559, 561 (Minn.1982) (quoting *In re Hanson,* 258 Minn. 231, 103 N.W.2d 863, 864 (1960)). As such, we do not hesitate to impose the strictest discipline available, including disbarment, in order to maintain public confidence in the legal profession. *In re Larsen,* 459 N.W.2d 115, 120 (Minn.1990); *In re Austin,* 333 N.W.2d 633, 634–35 (Minn.1983). While we place great weight on the referee's recommendation, this court has the ultimate responsibility for determining the appropriate

discipline. *In re Boyd,* 430 N.W.2d 663, 664 (Minn.1988).

Dovolis' misconduct is similar to misconduct which has resulted in our disbarring attorneys in the past. In *In re Leon,* we disbarred an attorney for misappropriating less than $5,000 from his law firm and clients over an 18–month period. 524 N.W.2d 723 (Minn.1994). In *In re Stroble,* 487 N.W.2d 869 (Minn.1992), we disbarred an attorney for numerous acts of misappropriation, despite partial restitution, cooperation with the Director, and a display of genuine remorse. *See also In re Pang,* 522 N.W.2d 921 (Minn. 1994) (disbarring attorney for misappropriation, repeated and continued neglect of client matters, and noncooperation); *In re Ladd,* 463 N.W.2d 281 (Minn.1990) (disbarring attorney for cumulative weight of misconduct consisting of misappropriation, trust account violations, client neglect, noncommunication, and noncooperation). Further, when the misappropriation of client funds involves forgery of the client's signature, we have held that disbarment is the most appropriate discipline. *In re Swerine,* 513 N.W.2d 463, 466 (Minn.1994).

In an effort to mitigate her admitted misconduct, Dovolis asserts that she has a treatable gambling problem which "caused" her unprofessional conduct, that her gambling problem has been "successfully" addressed, and that she is regularly seeing a psychologist to ensure her continued recovery. In addition, she claims that throughout the time of her misconduct she was experiencing various personal problems, including the death of her mother.

 Although, this court recognizes mitigating factors when determining the appropriate discipline in a professional responsibility matter, *In re Dvorak,* 554 N.W.2d 399, 404 (Minn.1996), we find Dovolis' arguments unpersuasive. In *In re Weyhrich,* we set out the standard that an attorney must meet to establish a psychological disorder as a mitigating factor in the attorney's misconduct. We said that the attorney must prove:

---

1. Between the time of the referee hearing and the oral argument before this court, it appears

that Dovolis has sought treatment for her psychological problem.

[1] that [she] indeed has a severe psychological problem,

[2] that the psychological problem was the cause of the misconduct,

[3] that [she] is undergoing treatment and is making progress to recover from the psychological problem which caused or contributed to the misconduct,

[4] that the recovery has arrested the misconduct, and

[5] that the misconduct is not apt to recur.

339 N.W.2d 274, 279 (Minn.1983). In this case, Dovolis has, at a minimum, failed to establish that her psychological disorder was the cause of her misconduct, that her recovery from the psychological disorder has arrested the misconduct, and that the misconduct is not apt to recur.

■ This court's primary responsibility is to protect the public. We conclude, based on the record before us, that the only way to meet that responsibility in this case is to disbar Dovolis. Therefore, we order that Helen A. Dovolis is disbarred from the practice of law in the State of Minnesota.

Disbarred.

KEITH, C.J., took no part in the consideration or decision of this case.